### 54107. HERRING v. HERRING.

BANKE, Judge.

This is a garnishment proceeding brought by the appellee to collect $1,226.67 in unpaid child support which the appellant allegedly owes her under a 1966 divorce decree. The garnishee was released upon the posting of a bond by the appellant. The appellant filed a traverse, a motion to dismiss, and other pleadings alleging that he had paid all child support required under the decree and that the issue was res judicata. At the hearing on the matter, the appellee introduced no evidence to support the amount claimed. Nevertheless, the judge entered an order denying all of the appellant's defensive pleadings. This appeal followed.

1. The appellee contends that the order appealed from is not a final judgment and that the appellant has not followed all the necessary procedures for interlocutory review. While it is true that the order does not by its terms grant judgment to the appellee, it does resolve all of the issues in the case, and it is the trial court's final ruling in the matter. This leaves the appellant with no further recourse in the trial court. For these reasons, we hold that "the cause is no longer pending in the court below," and that the order is accordingly a final judgment for purposes of appeal. Code Ann. § 6-701 (a)1 (Ga. L. 1965, p. 18 as amended through 1975, pp. 757, 758).

2. The trial court erred in denying the appellant's defenses and in failing to dismiss the action. The appellant's traverse properly challenged the amount claimed due by the appellee in her affidavit. See Code Ann. § 46-603 (a) (Ga. L. 1976, pp. 1608, 1617). At the hearing on this issue, the appellant introduced evidence indicating that his liability for support payments under the divorce decree had previously been adjudicated and

satisfied. The appellee introduced no evidence to rebut this defense or to support the amount claimed in her affidavit. She did file certain requests for admissions bearing on the issue which the appellant never answered. However, this was done only one week prior to the hearing. Thus, since the appellant had 30 days in which to respond to the requests, the trial court could not properly have considered his failure to respond as evidence. Code Ann. § 81A-136 (a) (Ga. L. 1966, pp. 609, 648, as amended through 1972, pp. 510, 528). There being no evidence to support the appellee's claim, the appellant's traverse should have been sustained and his motion to dismiss the garnishment granted. The case is remanded with direction that judgment be entered for the appellant.

*Judgment reversed and remanded. Quillian, P. J., and Shulman, J., concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977 — REHEARING DENIED SEPTEMBER 22, 1977 — ▮

William Frank Herring, *pro se.*
*Richard R. Kirby,* for appellee.