## 55560. LLOYD'S OF LONDON, INC. v. GOLDKIST, INC. et al.

DEEN, Presiding Judge.

The skeleton record in this case shows that Gold Kist, Inc. filed in the State Court of Fulton County a judgment obtained against Cooper Brothers, Inc. in the State Court of Jackson County for approximately $70,000, together with garnishment affidavits against the appellant Lloyd's of London, Inc. and General Accident Fire & Life Assurance Corp., Ltd. The two garnishments are styled in the state court as a single case. The summons of garnishment against the appellant was served on the state insurance commissioner on March 14, 1977. The commissioner mailed it to Lloyd's of London at a Chicago address on March 22. On April 22, on petition filed by the garnishee General Accident Fire & Life Assurance Corp., Ltd., that garnishment was transferred to the U. S. District Court for the Northern District of Georgia. On May 18 the State Court of Fulton County had entered a default judgment against the appellant, the latter having failed to answer. It then paid the costs and moved to set aside the default, attaching an answer on the merits, on May 20, which motion was denied and is the basis of this appeal.

From certain testimony and uncontradicted statements of counsel at a hearing held on the motion to set aside the default judgment, it appears that the judgment on which these garnishments are based is a money judgment obtained by Gold Kist against a carrier transporting merchandise for it, which shipment was lost. It further appears that the carrier was insured by General Accident and that Lloyd's of London was a surplus line carrier of the transport company, meaning that it stood liable for an excess over the maximum coverage on which General Accident elected to be bound. This being so, Code § 56-626 admittedly applies, since we are dealing with an alien ("unauthorized") surplus line ("excess coverage") insurance company. See Code § 56-613 et seq.

(a) One of the prime disagreements concerns the construction of this section. Briefly, we find that the first subdivision holds that when such an insurer is sued on a

"cause of action arising in this State under any contract issued by it as a surplus line contract" the insurer shall be sued in the superior court "of the county in which the cause of action arose." The appellant, however, is merely named as a garnishee in a case between others, and this action is not on a cause of action arising under a contract. Therefore, the Superior Court of Jackson County was not the sole court having jurisdiction of the defendant, as contended.

(b) Under subparagraph (2), the appellant was properly served by process served on the insurance commissioner, the action being a "proceeding arising out of such policy." But having reached this conclusion we are faced with the fact that under subparagraph (2) service on the commissioner "shall be lawful personal service upon" the insurer, while under subparagraph (4) the insurer has 30 days after the date on which the commissioner mails a copy of the process to it "within which to plead, answer, or otherwise defend the action." It is imperative to determine the actual date of service in order that the date of default may be ascertained, as on this slender thread hangs the decision of whether the denial of the motion to set aside that judgment was error.

Taken alone, the statement that service on the commissioner *shall be* service on the defendant suggests that the date of serving the commissioner is the starting point from which the time to file an answer must be figured. But in the same statute we find a further duty on the commissioner: to mail the copy process to the defendant "forthwith" by registered mail, return receipt requested. No date for such mailing is stated, but it is specifically required that the mailing date is the time from which the days between petition and answer must be counted. In the normal litigation with which this statute is concerned, the defendant has 30 days, commencing with the date on which the process is mailed by the insurance commissioner. Thirty days is of course the normal allowance of time for answer. Code § 81A-104 (d). If the defendant wishes to reply at an earlier date, of course, he may do so. But in *all* garnishment proceedings there is a different statutory directive: the garnishee may *not* answer before 30 days, and he *must* answer by the 45th

day. Code § 46-103. It may thus be stated as a rule of practice in Georgia that in all cases where a defendant, sued on contract, must answer in 30 days, the same defendant, named merely as a garnishee to the contract defendant, has not less than 30 nor more than 45 days. Any other resolution of this codal requirement would result in complete chaos. We therefore hold that Lloyd's of London, named in this case merely as a garnishee, had not less than 30 nor more than 45 days in which to answer. Further, a default judgment in a garnishment case cannot be entered up until the 45th day after service of the summons. Code § 46-508. Since the service was not complete until the insurance commissioner mailed a copy of the summons to the named garnishee (Code § 56-626 (4)) this default date was 45 days after March 22 (the date of mailing) or May 6. Under Code § 81A-155 the defendant has 15 days from the day of default or until May 21 to open the default and to file his defenses upon payment of costs. This was in fact done on May 20. The default judgment was entered on May 18 during the period in which the defendant could cure the default as a matter of right. It was therefore error to deny the motion to vacate on this ground.

The denial of the motion to vacate the default judgment entered on May 18 was error.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED MARCH 2, 1978 — DECIDED MARCH 16, 1978 —
REHEARING DENIED MARCH 30, 1978 —
CERT. APPLIED FOR.

*Smith, Cohen, Ringel, Kohler & Martin, Robert W. Beynart, Kenneth L. Millwood,* for appellant.

*Alston, Miller & Gaines, James S. Stokes, IV, T. Cullen Gilliland,* for appellees.