## 56510. MARBUT COMPANY v. CAPITAL CITY BANK.

SHULMAN, Judge.

Appellant secured a judgment against Ferguson Heating & Air Conditioning Co., Inc. (Ferguson is not involved in this appeal) and filed a garnishment against appellee. Appellee answered the garnishment 50 days after service. Appellant filed a motion to dismiss the answer of appellee, alleging that the case was in default because appellee did not pay court costs as required by Code Ann. § 46-508, and demanding that judgment by default be entered for the amount claimed due on the judgment obtained against the defendant (Code Ann. § 46-508). The trial court, after a hearing, denied the motion to dismiss in March, 1978. In May, 1978, appellant secured a judgment for the amount paid into court by appellee. Appellant, being dissatisfied with the judgment for the amount delivered to the court by the garnishee and desiring the full amount claimed due on the prior judgment obtained against the defendant (see § 46-508), filed this appeal within 30 days of the judgment issued in May.

1. Appellee has moved in this court for the dismissal of this appeal, claiming that the order issued in March was a final judgment and that the judgment entered in May was superfluous. Therefore, appellee urges, it is too late to appeal from the order denying appellant's motion to dismiss appellee's answer. We disagree.

Appellee's argument is based on the provisions of Code Ann. § 46-510: "Fifteen days after answer is filed, if no traverse or claim has been filed: (a) If money is delivered to the court by garnishee, the clerk shall pay said money to plaintiff or his attorney on his application . . ."The effect of that section on this case, appellee insists, was to authorize the payment to appellant of the funds deposited by appellee at any time after the March order was entered: fifteen days had passed since the answer was filed and no traverse or claim was pending.

We take exception to appellee's interpretation of § 46-510. The section does not mention pending traverses. It provides for immediate payment when no traverse or

claim *has been filed.* We believe the intent of the legislature in enacting that section was to simplify matters where there was no dispute and, therefore, no need of direct judicial supervision. Such was not the case in the instant action.

Code Ann. § 46-505 provides that the content of a "traverse of garnishee's answer shall be a statement by the plaintiff or his attorney . . . that garnishee's answer is untrue or legally insufficient." Appellant's motion to dismiss appellee's answer constituted a statement that appellee's answer was legally insufficient in that costs had not been paid so as to open the default. As such, the motion must be considered a traverse which had been filed. Code Ann. § 46-510 was, therefore, inapplicable on its face. The case had proceeded past the point where further judicial supervision was unnecessary.

Code Ann. Ch. 46-5 contains provisions for procedure where the defendant prevails upon his traverse (§ 46-512) and where the plaintiff prevails upon his traverse (§ 46-514). Those sections provide for the disposition of the funds involved. There is no such provision for the disposition of funds paid into court where the plaintiff *loses* in a determination on the merits of plaintiff's traverse. The General Assembly having failed to provide for the disbursement of the funds in such circumstances, we believe the matter remains in the hands of the trial judge until such time as an order is entered directing the disbursement of the funds. In the instant case, that order did not issue until the judgment entered in May. Therefore, until the order issued in May, the denial of appellant's motion to dismiss was not an appealable order, and the notice of appeal filed within 30 days of the May order was timely. The motion to dismiss the appeal is denied.

2. A garnishee must answer the summons of garnishment between 30 and 45 days after service thereof. Code Ann. § 46-103. If the answer is not filed by the 45th day after service, the garnishee is in default. Code Ann. § 46-508. However, there is a grace period of 15 days in which the garnishee may open the default by filing an answer and paying costs. Id.

In the instant case, appellee/garnishee filed an

answer within the grace period, paying into court $72.22, the amount in which it admitted to be indebted to the defendant. In arguing against appellant's motion to dismiss, appellee pointed out that it had not deducted the $15 for expenses authorized by Code Ann. § 46-507 and contended that the $15 surplus constituted payment of cost. Even though the costs were $18, the trial court ruled that appellee had substantially complied with Code Ann. § 81A-155 and denied the motion to dismiss, ruling that appellee was not in default. We find that holding to be error.

Pretermitting the question of whether the provisions of Code Ann. § 81A-155 would control here rather than the provisions of Code Ann. § 46-508 (compare *General Finance Corp. v. Kelsey,* 106 Ga. App. 108 (126 SE2d 261), with *Lloyd's of London, Inc. v. Goldkist, Inc.,* 145 Ga. App. 478 (243 SE2d 726)), we find that appellee failed to perform a condition precedent to opening the default under either statute. Both §§ 81A-155 and 46-508 provide that a default may be opened during the grace period "upon payment of costs." We have found no case and appellee has cited us to none supporting the trial court's holding that partial payment of the costs in this action was such a substantial compliance with the default opening provisions that appellee should not be in default.

Appellee failed to comply with the clear requirement that its answer be filed between 30 and 45 days after service on it of the summons of garnishment. Provision is made in the statute for a defaulting garnishee to redeem itself, but appellee failed to comply with those procedures either. Therefore, the trial court had no discretion to exercise and was erroneous in declaring that appellee was not in default and in denying appellant's motion to dismiss appellee's answer. That error requires reversal. Upon remand, the trial court is directed to enter such orders as are appropriate and consistent with our holding herein.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED JANUARY 11, 1979.

*Skinner, Wilson, Beals & Strickland, Donald F. Walton,* for appellant.

*Stack, Rogers & Gerry, Ronald W. Rogers, J. Lansing Kimmey,* for appellee.