## 61082. CASWELL v. CASWELL et al.

BANKE, Judge.

The appellant's complaint was dismissed with prejudice on January 3, 1980, as sanction for repeated failure to comply with court orders regarding discovery. At that time, the dismissal was not appealable as a matter of right due to the pendancy of counterclaims filed by the appellees. However, these counterclaims were voluntarily dismissed on February 25, 1980. Then, on March 19, 1980, the appellant sought to dismiss his complaint without prejudice, even though the trial court had already dismissed it with prejudice. On August 15, 1980, in response to a request by the appellees, the trial court entered an order stating that the dismissal of January 3 had become a final judgment on February 25, 1980, when the appellees dismissed their counterclaims. However, this order also contained language indicating that it was itself an entry of final judgment in the case. The appellant has filed a notice of appeal from this order of August 15, 1980. *Held:*

Pursuant to Code Ann. § 6-701 (a) (1) (as amended through Ga. L. 1979, pp. 619, 620) an appeal may be taken as a matter of right "[w]here the judgment is final — that is to say — where the cause is no longer pending in the court below . . ." We have previously held that even though an order does not specify that it is a grant of final judgment, it nevertheless constitutes a final judgment within the meaning of the statute where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court. *Herring v. Herring,* 143 Ga. App. 286 (1) (238 SE2d 240) (1977). The court's dismissal order of January 3, 1980, was not, of course, such an order at the time it was entered, since the appellees' counterclaims were still pending. However, it *became* such an order on February 25, 1980, when the counterclaims were voluntarily dismissed, because as of that point nothing remained "pending in the court below." It follows that the time for filing the notice of appeal began to run on that date. Such being the case, the trial court was powerless to extend the time by entering a subsequent order reaffirming the dismissal of the complaint, even had it intended to do so. Accord, *Shepherd v. Epps,* 242 Ga. 322 (1) (249 SE2d 33) (1978); *Security Branding v. Corbitt,* 144 Ga. App. 164 (1) (240 SE2d 728)

(1977). To rule otherwise would be to allow a case to be considered "pending" and thus appealable for years after final disposition of the merits. This appeal is accordingly dismissed as untimely filed. See generally Code Ann. §§ 6-803, 804, 809 (b).

*Appeal dismissed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 16, 1981 —
REHEARING DENIED MARCH 2, 1981 — 

_ *Tom Pye,* for appellant.
*J. L. Edmondson,* for appellees.