62944, 62945. GODFREY v. KIRK (two cases).

DEEN, Presiding Judge.

Case No. 62944 is an appeal from a motion to set aside a judgment domesticating a Florida divorce and alimony decree. The action did not begin as an action to domesticate a foreign judgment but as a petition for injunctive relief to prevent the appellant from "calling, coming about, bothering, harassing, molesting, or in any wise interfering with the [appellee] . . ." Personal service of the original petition was effected on May 16, 1978; and the appellee's

prayer for temporary injunctive relief was granted on May 30, 1978. The appellant never filed an answer, and no further action was taken in the case until January 30, 1981, when the appellee filed an amendment praying for the domestication of the Florida decree. Attached to the amendment was a certificate of service which stated that a copy of the petition had been mailed to the appellant at an address in Hope Mills, North Carolina. Based on the appellant's failure to respond to the amendment within 30 days, the trial court on March 3, 1981, entered an order domesticating the foreign decree. On March 13, 1981, the appellant moved to set this judgment aside for lack of personal jurisdiction.

Case No. 62945 is an appeal from an order denying the appellant's traverse to a summons of garnishment filed against the United States of America as garnishee to collect the Florida judgment. The appellee has moved to dismiss this appeal as untimely filed. *Held:*

1. The amendment to the complaint was improper, and consequently the motion to set aside the domestication judgment should have been granted. Code Ann. § 81A-115 (a) allows a party to "amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order. Thereafter, the party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice requires." While no pre-trial order had been entered in this case prior to the filing of the amendment, the time had long since passed when entry of a pre-trial order would have been appropriate. The basic purpose of a pre-trial order is to prepare a case for trial by limiting and simplifying the issues and the evidence. See generally Code Ann. § 81A-116. The action for injunctive relief had been in default for almost three years at the time the amendment was filed, and consequently there were no issues to be tried. Under these circumstances, the appellee was no longer entitled to amend her complaint to assert a new claim without obtaining either leave of court or the written consent of the appellant. Furthermore, in view of the fact that the appellant had left the jurisdiction and was no longer subject to personal service, leave of court to file this type of amendment would not have been appropriate even had it been requested. Accord Doe v. McMillan, 566 F2d 713, 720 (DC CA 1977). See generally 3 Moore's Fed. Practice Par. 15.08 [4], pp. 15-91, et seq. Indeed, it is extremely doubtful that such a "bootstrap" method of asserting jurisdiction over a non-resident would be constitutionally permissible even if the statute allowed it.

In ruling that the judgment domesticating the Florida decree should have been set aside pursuant to Code Ann. § 81A-160 (d), we

do not reach the issue of whether the decree could have been enforced in this state by an action in rem, without obtaining personal jurisdiction over the appellant. Cf. *Williamson v. Williamson,* 247 Ga. 260 (2) (275 SE2d 42) (1981).

2. (a) An order overruling a traverse to garnishment is not, as contended by the appellant in case 62945, a final judgment, and an appeal from such a ruling is premature. *Marbut Co. v. Capital City Bank,* 148 Ga. App. 664 (252 SE2d 85); *Knox v. Knox,* 151 Ga. App. 144 (259 SE2d 150) (1979); *Turner v. Wood,* 159 Ga. App. 850 (285 SE2d 589). The overruling of a traverse is not appealable in and of itself.

(b) However, the order overruling the defendant's traverse also contains the following: "Further ordered that the Clerk of the Superior Court of Muscogee County, Ga., shall disburse to plaintiff's attorneys all funds currently being held by the Clerk pursuant to summons and resummons of garnishment in the above matter." This constitutes a final judgment in the case awarding the funds paid in by the garnishee to the plaintiff. As stated in *Caswell v. Caswell,* 157 Ga. App. 710 (278 SE2d 452) (1980) it is final because it leaves the parties with no further recourse in the trial court. In this it differs from *Marbut* and other cases above cited.

3. But although the record contains a final judgment it also appears that we must nevertheless dismiss this garnishment appeal due to the appellant's failure either to file his notice of appeal within 30 days, as required by Code Ann. § 6-803 (a), or obtain an extension of time pursuant to Code Ann. § 6-804.The notice of appeal contained in the record transmitted by the trial court bears a filing date of June 11, 1981. This is 31 days from the date of entry of the order denying the traverse. The appellant has attached to his brief in opposition to the motion to dismiss a copy of the notice of appeal which bears a filing date of June 10, 1981, rather than June 11. However, the proper forum for correction of the trial court's record is not this court but the trial court, pursuant to Code Ann. § 6-805 (f). See *Boats for Sail, Inc. v. Sears,* 158 Ga. App. 74 (1) (279 SE2d 314) (1981); *Henderson v. Lewis,* 128 Ga. App. 28 (1) (195 SE2d 289) (1973). On the basis of the record properly before us, we have no choice but to conclude that the appeal in the garnishment action was untimely filed and consequently to dismiss it for lack of jurisdiction.

*Judgment reversed in Case No. 62944. Appeal dismissed in Case No. 62945. Carley, J., concurs. Banke, J., concurs specially.*

DECIDED FEBRUARY 11, 1982 —
REHEARING DENIED MARCH 3, 1982 IN CASE NO. 62944.

*James A. Elkins, Jr.,* for appellant (case no. 62944)
*Jerry D. Sanders,* for appellant (case no. 62945).
*Ernest Kirk II,* for appellee.

BANKE, Judge, concurring specially.

I concur fully in the judgment reached by the majority in both these appeals. However, I do not agree with the majority's unqualified statement in Division 2 (a) that the denial of a traverse to a garnishment is not appealable in and of itself. Our decisions are in conflict on this point. In *Herring v. Herring,* 143 Ga. App. 286 (1) (238 SE2d 240) (1977), we held that such an order is appealable if it resolves all of the issues in the case and leaves the parties with no further recourse in the trial court. This conclusion was based on the language of Code Ann. § 6-701 (a) (1) (as amended through Ga. L. 1979, pp. 619, 620), which permits a direct appeal "[w]here the judgment is final — that is to say where the cause is no longer pending in the court below . . ." The same reasoning was followed in *Caswell v. Caswell,* 157 Ga. App. 710 (278 SE2d 452) (1981), wherein an order dismissing a complaint was held to have made a final judgment by the defendant's later action in voluntarily dismissing his counterclaims. It was again followed in *Theo v. D. O. T.,* 160 Ga. App. 518 (287 SE2d 333) (1981) (Case No. 62233, decided November 12, 1981), wherein a judgment in a condemnation case was held to be final although no order had been entered allocating and distributing the funds among the various condemnees. The principle was held to be inapplicable in *Mathews v. Saniway Distributors Service,* 152 Ga. App. 286 (262 SE2d 494) (1979), a garnishment case wherein the trial court made its denial of the defendants' traverse, conditional upon the substitution of the real party in interest for the named plaintiff. The line of cases cited by the majority, on the other hand, hold flatly that an appeal from an order denying a traverse in a garnishment action is always premature, regardless of whether the order resolves all of the issues in the case. See *Marbut Co. v. Capital City Bank,* 148 Ga. App. 664 (1) (252 SE2d 85) (1979); *Knox v. Knox,* 151 Ga. App. 144 (259 SE2d 150) (1979); *Turner v. Wood,* 159 Ga. App. 850 (285 SE2d 589) (1981).

In some garnishment cases, the denial of the defendant's pleadings may not terminate the litigation in the trial court. For example, there might be more than one defendant involved, or the garnishee might also be contesting the action. However, in the more typical case, where the garnishee's interest ends with his payment of the money into court, and there is only one defendant involved, the denial of that defendant's pleadings effectively terminates the litigation. In such a situation, nothing constructive is accomplished

by requiring the defendant to await the issuance of an order disbursing the funds before filing an appeal, particularly since the plaintiff may obtain such an order at his leisure, and the defendant may never even be notified of its issuance. I would hold that in any case where the trial court enters an order unconditionally disposing of the merits of the litigation and leaving nothing further to be done to give effect to the ruling save the performance of some ministerial act involving no judicial discretion, the order may be considered a final judgment for purposes of appeal. Accord 4 CJS Appeal and Error § 94; 9 Moore's Fed. Practice ¶ 110.11. See generally Code Ann. § 6-905 (Ga. L. 1965, pp. 18, 40).