## 63528. PERRY v. FREEMAN et al.

POPE, Judge.

On November 7, 1977 appellant Perry loaned to appellee Freeman the sum of $5,000 which was secured by Freeman's promissory note to Perry. On March 10, 1978 Freeman executed a security agreement and financing statement for a debt of $6,000 owed to Atlantic Bank and Trust Company of Savannah, Georgia ("the Bank"). As security for this debt, Freeman, a real estate agent with David A. Byck Realty Company, assigned to the Bank "[a]ll contract rights to all commissions on pending sales and all listing fees on property sold and listed that have not been closed. Also, all contract rights to all commissions on all future sales and listing fees on property." The financing statement reciting this interest was then properly filed by the Bank.

Perry later obtained a judgment against Freeman for non-payment of the debt. Subsequently, he filed garnishment proceedings against Byck Realty seeking to garnish certain funds owed to Freeman as a consequence of her work with Byck Realty. Freeman traversed Perry's affidavit in garnishment by challenging the legal sufficiency of his claim through her assertion of the prior assignment of these funds to the Bank. Pursuant to this continuing garnishment, Byck Realty timely paid $2,781 into court on June 25, 1981. Based upon Freeman's assignment of the commissions and fees paid into court by Byck Realty, on July 15, 1981 the Bank filed a claim to these funds and a motion to intervene in the garnishment proceedings. On September 4, 1981 Byck Realty deposited an additional $2,430.60 into court.

After notice and a hearing, the court granted the Bank's motion to intervene and sustained Freeman's traverse by order dated September 21, 1981. The court based its ruling upon its finding that Freeman's employment relationship to Byck Realty was that of independent contractor, thus Freeman's assignment to the Bank had priority over Perry's claim under Article 9 of the Uniform Commercial Code.

1. The Bank urges dismissal of this appeal based upon its contention that the trial court's grant of Freeman's traverse does not constitute a final judgment from which an appeal may be taken. This is without merit.

In the recent case of *Godfrey v. Kirk,* 161 Ga. App. 474 (2) (288 SE2d 301) (1982), we held that the trial court's order overruling defendant's traverse in a garnishment proceeding was a final judgment where the court ordered funds paid into court to be distributed to plaintiff. In *Godfrey* the judgment was held to be final

"because it leaves the parties with no further recourse in the trial court." *Godfrey v. Kirk,* supra at 476. See *Caswell v. Caswell,* 157 Ga. App. 710 (278 SE2d 452) (1980); *Herring v. Herring,* 143 Ga. App. 286 (1) (238 SE2d 240) (1977). Application of this standard to the facts of the case sub judice elicits the same result. The court's order directed the clerk "to pay those funds received from David A. Byck Realty on [this] garnishment to Atlantic Bank & Trust Company of Savannah, Georgia . . .," thus effectively foreclosing any further action by Perry in the trial court. Therefore, we hold that "the cause is no longer pending in the court below" and the appeal is properly brought before this court. Code Ann. § 6-701 (a)(1). (Ga. L. 1965, p. 18, as amended through 1979, pp. 619, 620).

2. Perry's sole enumeration of error is the trial court's grant of the Bank's motion to intervene based upon its finding that Freeman's employment relationship with Byck Realty was as an independent contractor. The Bank's claim to the commissions and fees at issue provides the interest in the subject matter of the garnishment proceeding sufficient to grant its motion to intervene.[1] Code Ann. § 81A-124 (a)(2) provides for intervention of right "when the applicant claims an interest relating to the property or transaction which is the subject-matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Based upon the record before this court, the trial court was correct in granting the Bank's motion to intervene.

The court's ruling on whether Freeman was an independent contractor or an employee of Byck Realty is dispositive of this case. As an *employee* of Byck Realty, Freeman's assignment to the Bank of commissions and fees due her from Byck Realty would not be covered by Article 9 of the Uniform Commercial Code. Code Ann. § 109A-9—104 (c) provides that Article 9 "does not apply to a transfer of a claim for wages, salary or other compensation of an employee," thus, the Bank's filed financing statement would give it no priority in its claim to the commissions and fees owed by Byck Realty to Freeman. However, remuneration payable to an independent contractor is given no such exclusion under Article 9, so that, if Freeman is found to be an independent contractor, the Bank's security interest in her commissions and fees paid into court by Byck Realty would be superior to Perry's judgment against her on the

---

[1] Further, the Bank's claim to the funds in question was properly filed pursuant to Code Ann. § 46-404 and heard according to Code Ann. § 46-513.

188

promissory note.

No transcript of the hearing was included in the record. See Code Ann. § 6-806. Therefore, evidence on which the trial court based its finding that Freeman was an independent contractor is not available for review. "The trial court's order is not erroneous as a matter of law, and since we cannot determine what evidence was presented at the hearing, and on what basis the trial judge issued his order, we must affirm the trial court's judgment." *McAllister v. City of Jonesboro,* 242 Ga. 95 (249 SE2d 565) (1978); *Davenport v. Smith,* 157 Ga. App. 870 (278 SE2d 691) (1981). Therefore, the finding that Freeman was an independent contractor will not be disturbed, and the trial court's order granting the Bank's motion to intervene and sustaining Freeman's traverse based upon her prior assignment of the funds at issue is affirmed.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JULY 7, 1982—
REHEARING DENIED JULY 21, 1982.

*Jack Friday, Wade Gastin,* for appellant.
*J. Curtis Lewis III, Aaron L. Buchsbaum, Randall K. Bart,* for appellee.