### 65132, 65133. GEORGIA FARM BUILDINGS, INC. v. WILLARD et al. (two cases).

BIRDSONG, Judge.

Default Judgment. Sometime in June, 1979, Mr. and Mrs. Willard became aware that grading and other work on the landowner's property adjacent to the Willards' 18-acre farm was causing flooding of the land and siltage in lakes that were present on the Willards' property. Ultimately the Willards brought suit against five defendants including the landowner of the adjacent property and those involved in improving that land. One of the defendants in that complaint was the appellant in the present appeal, Georgia Farm Buildings, Inc. This complaint by the Willards was served on an official of Georgia Farm Buildings on August 26, 1980. On that same day apparently after talking with its insurer, Georgia Farm Buildings mailed the complaint and service documents to its insurer, Bituminous Insurance Company. It is apparent that the other four named defendants all filed appropriate answers which are still pending trial. The insurer for Georgia Farm Buildings, through its agent, concluded that Georgia Farm Buildings was not liable for any damage because Georgia Farm Buildings was not engaged in any land fill or earth removal but was concerned only with the renovation

of a building then existing on the land being improved. For whatever reason, no answer was ever filed by Georgia Farm Buildings or on its behalf by Bituminous Insurance Co. It was conceded by Georgia Farm Buildings that it never made any efforts to respond to the complaint except the one act of forwarding the complaint to its insurer, Bituminous Insurance Company.

On December 1, 1980, a default judgment on liability and jury verdict and judgment on damages was entered against Georgia Farm Buildings in favor of the Willards in an amount of $131,000. Georgia Farm Buildings did not become aware of the judgment until April 7, 1981. Although the record is not crystal clear as to the relevant dates, subsequent to the default judgment, Georgia Farm Buildings moved the trial court to set aside the default judgment on the grounds that service of process was not made on an officer of the company and thus jurisdiction did not exist. This motion to dismiss for lack of jurisdiction was denied by the trial court and so far as this record is concerned, the order of the trial court was not appealed. Subsequently Georgia Farm Buildings moved a second time to set aside the default judgment on the grounds that there was excusable neglect, alleging as the grounds for excusable neglect substantially the facts as set forth above. The trial court likewise denied this motion apparently upon the ground that Georgia Farm Buildings was aware that some sort of answer was required within 30 days of service of the complaint and that an absolute reliance upon its insurer to act without making any sort of effort to ascertain if an answer was filed or to be filed removed the failure to answer from the area of excusable neglect. Once again this record does not reflect that an appeal was taken from this second denial to set aside the default judgment.

On August 4, 1981, Georgia Farm Buildings filed a complaint in equity seeking to set aside the default judgment in view of the fact that its previous two motions at law had ended in failure. Although we do not have the grounds of the first motion to set aside based upon excusable neglect, the order of the trial court reflects that the trial court considered the grounds in the equitable petition as identical to the grounds previously ruled upon by the same court. The Willards moved to dismiss the equitable petition to set aside the default judgment on grounds that the petition did not state a cause of action and upon grounds of res judicata. The trial court denied this third motion to set aside the default judgment and dismissed Georgia Farm Buildings' petition in equity. This appeal (Case No. 65133) followed urging error in the dismissal. *Held:*

1. We affirm. "Under the doctrine of res judicata, 'a judgment of a court of competent jurisdiction [is] conclusive between the same parties and their privies as to all matters [which were] put in issue, or

which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside.' " *Sumner v. Sumner,* 186 Ga. 390 (197 SE 833). Our understanding of this record convinces us that all matters raised by the equitable petition either were put in issue at the first motion to set aside the judgment for excusable neglect or might have been put into issue in that case. *Bowman v. Bowman,* 215 Ga. 560, 561 (111 SE2d 226). Questions between parties once and finally settled by a final judgment must be considered as ending the litigation as to those matters as between those parties. They cannot be relitigated in other actions either directly or indirectly. *Lankford v. Holton,* 196 Ga. 631, 633 (27 SE2d 310). It is futile for courts to decide issues if those issues may be relitigated by the losing parties, contending that error was committed in the previous decisions. *Hite v. Waldrop,* 230 Ga. 684, 685 (198 SE2d 665). The trial court did not err in dismissing Georgia Farm Buildings' equitable petition.

2. In a companion appeal (Case No. 65132), Georgia Farm Buildings contends the trial court erred in requiring appellant to file a $185,000 supersedeas bond. Appellant argues that its appeal is from a dismissed motion to set aside and not from a money judgment and therefore a supersedeas bond was not required.

We agree with the reasoning of the trial court wherein it found that Georgia Farm Buildings' action was commenced for the primary purpose of setting aside the money judgment entered in December, 1980, and the ultimate intent of the appeal was to prevent the Willards from collecting the monetary value of the default judgment. Upon motion by the Willards for posting of supersedeas bond, the trial court had plenary authority under the provisions of Code Ann. § 6-1002 as well as in the exercise of its discretion and inherent powers to set supersedeas bond in such amounts as the court might require to afford interim protection for appellees' judgment. See *Turner v. Harper,* 233 Ga. 483, 484 (211 SE2d 742).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 12, 1983 —
REHEARING DENIED FEBRUARY 4, 1983 —

*Herbert S. Waldman,* for appellant.
*John L. Green,* for appellees.