**66974. GEORGIA FARM BUILDINGS, INC. v. WILLARD et al.**

SHULMAN, Presiding Judge.

This appeal arises from the trial court's grant of appellees' motion to condemn appellant's garnishment dissolution bonds. On August 19, 1980, appellees filed an action in tort against appellant and four other defendants. A default judgment was entered on December 1, 1980, against appellant only. Appellees filed the garnishment in question in the State Court of Fulton County in October of 1981, and it was soon thereafter traversed by appellant. Appellant's traverse was denied but a stay was ordered to allow appellant an opportunity to attack the validity of the original default judgment in the appropriate forum. The court required appellant to post a $131,000 bond. After several unsuccessful motions to set aside the judgment, appellant brought a complaint in equity to set aside the default judgment in the Superior Court of Fulton County. That action was decided adversely to appellant and an appeal to this court ensued. While that case was pending on appeal, appellant filed a motion to vacate the garnishment on the ground that the default judgment upon which the garnishment was based was not final and appellees had failed to comply with the statutory requirements for a pre-judgment garnishment. That motion was denied because the trial court believed that the default judgment was final and that the issue had been advanced by appellant in past legal proceedings. Several weeks prior to appellant's motion to vacate the garnishment, appellees filed a motion to condemn appellant's garnishment dissolution bond. That motion was denied on January 4, 1983, but appellant was required to post an additional bond of $43,000. This court affirmed the superior court's decision against appellant in its action in equity to set aside the default judgment. See *Ga. Farm Bldgs., Inc. v. Willard,* 165 Ga. App. 325 (299 SE2d 181). Based on that affirmance, appellees again moved to condemn appellant's garnishment bonds. That motion was granted by the State Court of Fulton County on April 22, 1983, and that decision is presently before this court on appeal.

1. At the hearing regarding the condemnation of appellant's garnishment bonds, appellant reasserted its claim that the default judgment issued against it in 1980 was not yet final since the tort action is still pending against the other defendants. The issue of the default judgment's finality is important because appellees have admitted that they have not complied with the statutory requirements pertaining to pre-judgment garnishments. Appellees argued, and the trial court agreed, that appellant had pursued this

line of reasoning in previous legal proceedings and that the courts had repeatedly ruled against appellant, thereby precluding further judicial consideration of the claim. We disagree.

We acknowledge that " '[u]nder the doctrine of res judicata, a "judgment of a court of competent jurisdiction (is) conclusive between the same parties and their privies as to all matters (which were) put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." ' [Cit.] . . . Questions between parties once and finally settled by a final judgment must be considered as ending the litigation as to those matters as between those parties. They cannot be relitigated in other actions either directly or indirectly. [Cit.]" *Ga. Farm Bldgs. v. Willard,* supra, p. 326. However, the case previously before this court between these parties involved the actual validity of the 1980 default judgment. The finality of that judgment was irrelevant to the court's decision because the appeal was from an *equitable* action to set aside the default judgment. That equitable suit was independent from the case in which the default judgment was entered. Therefore, res judicata did not attach as a result of appellant's either raising or failing to raise the finality issue in that case.

In November of 1982 in the State Court of Fulton County, appellant *did* raise the issue of the default judgment's finality as the basis for his motion to vacate the garnishment. That motion, as we noted earlier, was denied because the trial court believed that the judgment was final and that, in any event, it was precluded from considering the argument since the claim had previously been advanced in superior court. We have already determined that the trial court was erroneous in the latter assertion. At first blush, it may appear that appellant is prevented from rearguing this issue in the present case since he did not appeal the state court's November 1982 decision. However, after careful scrutiny, we believe that appellant would have been unable to do so. "An order overruling a traverse to garnishment is not . . . a final judgment, and an appeal from such a ruling is premature. [Cits.] The overruling of a traverse is not appealable in and of itself." *Godfrey v. Kirk,* 161 Ga. App. 474, 476 (288 SE2d 301). However, if the order overruling the traverse also contains a command that funds be paid to the garnishee, the judgment is final since " 'it leaves the parties with no further recourse in the trial court.' " Id. See also *Perry v. Freeman,* 163 Ga. App. 186 (293 SE2d 381). We believe that under the limited circumstances of the present case, a motion to vacate the garnishment is analogous to a traverse of the garnishment and that, in turn, the same legal principle

regarding the finality of a judgment may be applied in both situations. In the case at bar, the proceedings concerning the garnishment itself were not final until the April 1983 order of the state court granting appellee's motion to condemn appellant's garnishment dissolution bonds. It follows that appellant may reassert his argument involving the finality of the default judgment in the case that is presently before this court on appeal.

2. We must now consider the merits of appellant's claim that the garnishment should be vacated since it is based on a non-final judgment and appellees failed to follow the statutory guidelines outlined for pre-judgment garnishments. OCGA § 9-11-54 (b) (Code Ann. § 81A-154) provides that when multiple parties are involved, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, absent an express determination by the trial court that no just reason for delay exists, is not a final or appealable judgment. See *Wise v. Ga. State Bd. &c. of Architects,* 244 Ga. 449 (260 SE2d 477). There is no evidence in the record that such a determination was made in the present case by the trial court. Therefore, the default judgment upon which the garnishment was based was not a final judgment. (It should again be noted that the case previously before this court involving these parties was an appeal from a separate, final judgment, i.e., a judgment adverse to appellant in an *equitable* action to set aside the default judgment, and was not a direct appeal from the default judgment itself.) Accordingly, since appellees have stipulated that they did not follow the proper procedures for a pre-judgment garnishment, the garnishment must be vacated and the trial court's grant of appellees' motion to condemn appellant's garnishment dissolution bonds must be reversed.

*Judgment reversed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 3, 1984.

*Herbert S. Waldman,* for appellant.
*John L. Green,* for appellees.