A91A0560. SPRING-U BONDING COMPANY, INC. v. STATE OF GEORGIA.
(408 SE2d 831)

CARLEY, Judge.

The trial court entered an order denying appellant-bonding company's motion to set aside and vacate a bond forfeiture proceeding. Appellant appeals directly from that order.

No money judgment has yet been entered in the instant case. Accordingly, the first issue for resolution is whether we have jurisdiction. "[E]ven though an order does not specify that it is a grant of final judgment, it nevertheless constitutes a final judgment within the meaning of [OCGA § 5-6-34 (a) (1)] where it leaves no issues remaining to be resolved, *constitutes the [trial] court's final ruling on the merits of the action*, and leaves the parties with no further recourse in the trial court. [Cit.]" (Emphasis supplied.) *Caswell v. Caswell*, 157 Ga. App. 710 (278 SE2d 452) (1981). Assuming that the trial court's order in the instant case leaves no issues remaining to be resolved, it is nevertheless clear that the instant order cannot and does not constitute the trial court's final ruling on the merits of the action.

"A surety on a criminal bond or recognizance has the right to insist that his liability should be fixed upon him *according to law.* [Cit.]" (Emphasis supplied.) *Griffin v. State of Ga.*, 194 Ga. App. 624, 625 (2) (391 SE2d 675) (1990). "In this State criminal bonds or recognizances must be enforced *according to the procedure prescribed by statute. . . .*" (Emphasis supplied.) *Garner v. Chambers*, 75 Ga. App. 756 (1) (44 SE2d 507) (1947). Among those statutes which prescribe the applicable procedure in the instant case is OCGA § 17-6-71 (b), which clearly provides: "If at the execution hearing it is determined that *judgment* should be entered, the judge shall so order." (Emphasis supplied.) Thus, it is apparent that only the entry of a final *judgment* would constitute the final ruling on the merits of the instant bond forfeiture action. Clearly, the trial court's instant order — wherein it purports only to deny appellant's motion to set aside and vacate the bond forfeiture *proceeding* — is a preliminary order and not a final judgment. Since it will not be "set aside or vacated," the *proceeding* will presumably now continue until such time as a final *judgment* pursuant to OCGA § 17-6-71 (b) is entered. At that time, but not before, appellant would be entitled to appeal. Accordingly, the instant appeal must be dismissed.

*Appeal dismissed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Beasley, Cooper and Andrews, JJ., concur. Banke, P. J., dissents.*

BANKE, Presiding Judge, dissenting.

The appellant in this case did not move to set aside or vacate a

bond forfeiture "proceeding." Rather, it moved to set aside a bond forfeiture on the ground that the criminal bond at issue guaranteed the criminal defendant's appearance in a court other than the one in which the forfeiture had been declared. It is apparent both from the record and from the appellant's brief in this court that this was the appellant's entire defense to the appellee's claim against it. Thus, the denial of the appellant's motion did not constitute a determination by the court that the proceedings should be allowed to continue; rather, it constituted a determination that the appellee was entitled to judgment against the appellant as the surety on the bond.

While it is true that the no-money judgment has yet been entered against the appellant, the entry of such a judgment at this point would be a purely ministerial exercise, involving no further adjudication of any issues by the trial court. This court has previously held that "even though an order does not specify that it is a grant of final judgment, it nevertheless constitutes a final judgment within the meaning of the statute where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court. [Cit.]" *Caswell v. Caswell*, 157 Ga. App. 710 (278 SE2d 452) (1981). See also *Herring v. Herring*, 143 Ga. App. 286 (1) (238 SE2d 240) (1977).

Believing that the order appealed from falls squarely into this category and that our refusal to address the merits of the appeal at this time will serve no purpose other than to delay the ultimate resolution of the litigation, I respectfully dissent to the dismissal of the appeal.

DECIDED JULY 16, 1991.

*Richard L. Moore*, for appellant.
*Patrick H. Head, Solicitor*, for appellee.