# Court of Appeals
# of the State of Georgia

ATLANTA, June 21, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1505; A22A1506. JOHN DA GROSA SMITH et al v. RYAN MILLSAP et al.**

This case originated as a dispute between former business partners, M. James Schulz and Ryan Millsap. In 2019, attorney John Da Grosa Smith became counsel of record for all of the defendants, including Millsap. In March 2021, Smith and his law firm, Smith LLC, (collectively, "Smith") withdrew as counsel, and Smith filed an attorney's lien pursuant to OCGA § 15-19-14 for services rendered to the defendants. The trial court thereafter granted the defendants' emergency motion for removal of the attorney's lien and cancelled the lien. Smith appealed. See Case No. A22A0429. On December 28, 2021, while Smith's appeal was pending, the trial court entered an order (1) finding that the pending appeal in Case No. A22A0429 did not deprive it of jurisdiction in the underlying lawsuit; (2) denying the defendants' motion to vacate the parties' October 2021 arbitration award; (3) adopting the arbitration award as the judgment in the case; and (4) directing the trial court clerk to maintain the funds in the court's registry pending the disposition of this Court's appeal in Case No. A22A0429.

Thereafter, Smith filed a notice of appeal from the trial court's December 28 order, which has been docketed as Case No. A22A1505. Smith also filed letter briefs in the trial court, seeking to supplement the transcript of the hearing that led to the December 28 order. On April 14, 2022, the trial court entered an order finding no basis to supplement the transcript and setting the matter for a further hearing. Smith filed a separate notice of appeal from the trial court's April 14, 2022 order, and that appeal has been docketed as Case No. A22A1506. Since these appeals were docketed,

we have decided Case No. A22A0429, determining that the trial court's order cancelling Smith's attorney's lien was not subject to direct appeal as a collateral order and dismissing that appeal. See *Smith v. Millsap*, __ Ga. App. __ (Case No. A22A0429) (June 7, 2022). The trial court, however, has not yet addressed how the funds in its registry will be disbursed; in its order of April 14, the trial court set a hearing on that matter for July 2022.

Under these circumstances, the appeals in both A22A1505 and A22A1506 must be dismissed as interlocutory. The record makes clear that this case remains pending below, as the trial court still needs to address the disbursal of funds held in the court registry. See generally OCGA § 5-6-34 (a) (1) (permitting appeals from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below"); compare *Grantham v. Nelson*, 160 Ga. App. 68, 68 (286 SE2d 59) (1981) (holding that writ of possession did not constitute final judgment when "[t]he rent which has been paid into the registry of the court has not been disbursed" and all claims had not been decided), with *Godfrey v. Kirk*, 161 Ga. App. 474, 476 (2) (b) (288 SE2d 301) (1982) (holding that order distributing garnished funds was a final order). Consequently, Smith was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to obtain appellate review at this juncture. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). His failure to do so deprives us of jurisdiction over these appeals which are hereby DISMISSED.

We note that both Schulz and Millsap have filed varying motions to dismiss the appeals in Case Nos. A22A1505 and A22A1506, arguing, inter alia, that nonparty Smith lacks standing to appeal the trial court's orders. See generally *Thaxton v. Norfolk Southern Corp.*, 287 Ga. App. 347, 349 (1) (652 SE2d 161) (2007) ("only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so") (punctuation omitted). Because we have determined that the appeals must be dismissed as interlocutory, we do not reach the question of whether Smith has standing to pursue

them, and these motions to dismiss are hereby MARKED MOOT.[1]



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* 06/21/2022

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen
 *, Clerk.*

---

[1] In his motions to dismiss, Schulz requests that this Court impose sanctions against Smith for filing these appeals. This request is not properly before the Court. See Court of Appeals Rule 41 (b).