**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, P. J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

February 10, 2025

# In the Court of Appeals of Georgia

A24A1230, A24A1243. BRYAN CAVE LEIGHTON PAISNER, LLP v. GEBO LAW, LLC; and vice versa.

McFADDEN, Presiding Judge.

Gebo Law, LLC obtained a judgment against a former client for unpaid legal fees. These appeals concern Gebo Law's attempt to garnish funds allegedly belonging to the former client from the trust account of the former client's new law firm, Bryan Cave Leighton Paisner, LLP.

We granted Bryan Cave's application for discretionary appeal of the state court's order directing it to pay $125,265 into the court registry. Bryan Cave filed a notice of appeal, and Gebo Law filed a notice of cross-appeal. We must dismiss Bryan Cave's appeal. As detailed below, since the case remains pending in the state court,

Bryan Cave was required to file an application for interlocutory appeal. And because we lack jurisdiction over Bryan Cave's appeal, we must also dismiss Gebo Law's cross-appeal.

Gebo Law filed this garnishment action naming its former client as a defendant and naming multiple garnishees, including Bryan Cave. After Gebo Law served Bryan Cave with a summons of garnishment, Bryan Cave answered, denying that it held any funds of Gebo Law's former client. Gebo Law traversed Bryan Cave's answer.

The state court entered an order directing Bryan Cave to pay money into the court registry. The court did not order the funds to be disbursed to any party. Bryan Cave filed an application for discretionary appeal of this order. We granted the application, and these appeals followed.

Although no party has questioned our jurisdiction in this appeal, it is our duty to inquire into our jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction. *State of Ga. v. Federal Defender Program*, 315 Ga. 319, 324 (2) (882 SE2d 257) (2022). Upon further review of the applicable law, we conclude that the application for discretionary appeal was improvidently granted.

Because the order that Bryan Cave appeals ordered Bryan Cave to pay funds into the court registry but did not direct the disbursement of those funds from the court registry, the order is not a final judgment. See *Turner v. Wood*, 159 Ga. App. 850 (285 SE2d 589) (1981) ("Although the trial court ruled in favor of the plaintiff with regard to defendant's traverse, there is no order of the trial court disbursing the funds answered into court by the garnishee. No final order has been entered in the main case. The appeal is accordingly premature.") (citation and punctuation omitted); *Knox v. Knox*, 151 Ga. App. 144 (259 SE2d 150) (1979) (dismissing appeal from order denying motion to dismiss garnishment, because there was not a final judgment and the case was "still pending following payment into the court by the garnishee"); *Marbut Co. v. Capital City Bank*, 148 Ga. App. 664, 665 (1) (252 SE2d 85) (1979) ("the matter remains in the hands of the trial judge until such time as an order is entered directing the disbursement of the funds [paid into the court]"). See also *Godfrey v. Kirk*, 161 Ga. App. 474, 476 (2) (288 SE2d 301) (1982) (physical precedent only). Compare id. at 478 (Banke, J., concurring specially).

Although appeals in garnishment cases are typically brought by discretionary application, see OCGA § 5-6-35 (a) (4), where both discretionary and interlocutory

application procedures apply, the applicant must follow the interlocutory appeal procedure and obtain a timely certificate of immediate review before filing an application. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991).

We observe that the appeal may be premature for another reason. Gebo Law filed summonses of garnishment naming garnishees other than Bryan Cave. So Gebo Law's claims against other garnishees may have been outstanding in the garnishment proceeding at the time Bryan Cave filed its application for discretionary appeal. Cf. *Ameriprise Holdings v. McCampbell*, 371 Ga. App. 323, 325-326 (1) (899 SE2d 509) (2024). In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). Such a ruling may be appealed only if the trial court makes an express determination that there is no just reason for delay and an express direction for the entry of judgment under OCGA § 9-11-54 (b), or the party seeking to appeal complies with the interlocutory appeal requirements of OCGA § 5- 6-34 (b). See *Johnson*, supra.

Because Bryan Cave failed to follow the interlocutory appeal procedure and the state court's order did not include the express determinations of OCGA § 9-11-54 (b), Bryan Cave's application for discretionary appeal was improvidently granted, and we dismiss its appeal for lack of jurisdiction. Because we lack jurisdiction over Bryan Cave's appeal, and "there is no independent jurisdictional basis for [Gebo Law's] cross-appeal," *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 222 (633 SE2d 623) (2006), we also dismiss the cross-appeal. Id.

*Appeal and cross-appeal dismissed. Mercier, C. J., and Rickman, P. J., concur.*