19187. TURNER *v.* KELLEY, Administrator.

ARGUED JANUARY 9, 1956—DECIDED FEBRUARY 13, 1956.

Albert B. Wallace, Wallace & Wallace, Thomas L. Slappey, for plaintiff in error.

F. A. Sams, Howard Handley, contra.

CANDLER, Justice. Unless the plaintiff is a person authorized to institute this proceeding under the land-registration act of 1917, it is settled by the decisions of this court that this entire proceeding is a nullity. To all civil actions brought in the courts of this State there must be a proper party plaintiff and a proper party defendant. *Mutual Life Ins. Co. of New York v. Inman Park Presbyterian Church*, 111 *Ga.* 677 (36 S. E. 880); *Western & Atlantic R. Co. v. Dalton Marble Works*, 122 *Ga.* 774 (50 S. E. 978). Respecting parties plaintiff to proceedings brought under this act, Code § 60-203 declares: "Suit for registration of title shall be begun by a petition to the court by the person or persons or corporation claiming, singly or collectively, to own or to have the power of appointing or disposing of an estate in fee simple in any land, whether subject to liens, encumbrances, or lesser estate, or not." And Code § 60-205 provides: "The petition shall include as defendants all persons who by the petition are disclosed to have any interest, equity, or claim adverse to the petitioner or otherwise, vested or contingent, upon said land or any interest therein, and shall also include as defendants all other persons whom it may concern." In his work on Land Registration, Judge Powell said (p. 32, § 27): "Not only the owner of a fee simple estate is a proper applicant for the registration of land, but such an application may be made by any person or persons or corporations claiming singly or collectively .. .... to have the power of appointing or disposing of an estate in fee simple.' Hence any one who has been granted the power of appointment, by deed or will, as to such an estate may cause the land to be registered at any time prior to the appointment taking effect. Likewise, any trustee (including an executor who is the donee of a power of sale under the will) upon whom the power of selling the fee is conferred may cause the land to be registered. ... When a trustee holds the title but has no power to sell, the cestui que trust should

join in the application." However, a power to sell is sufficient to authorize the application, though it is not a power to sell at a private sale." In this case the record affirmatively shows that the applicant for registration does not own the lands involved, and unless he, as administrator, had the power of disposing of them in fee simple, he was wholly without authority to institute this proceeding and it is a nullity. "Upon the death of the owner of an estate in realty, which estate survives him, the title shall vest immediately in his heirs at-law, subject to be administered by, the legal representative, if there is one, for the payment of debts and the purposes of distribution." Code § 113-901. Before an administrator can sell the lands of his intestate for either or both of the mentioned purposes, he must by written petition apply to the court of ordinary for leave to do so, setting forth in the petition the reason for such application; and notice of his application must be published once a week for four weeks before the hearing, in the newspaper in which the county advertisements are published. If no objection to such sale is filed and the ordinary is satisfied of the truth of the allegation of the petition, an order shall be passed granting leave or power to sell. Code § 113-1706. In this case the record does not show that the plaintiff, as such administrator, has applied for or obtained leave or power to sell the lands of his intestate for any purpose from the court of ordinary. Hence, it must be held that he did not have the power of disposing of his intestate's lands in fee simple when this proceeding was instituted; and, since the proceeding is a nullity, it should have been dismissed on the defendant's motion.

*Judgment reversed. All the Justices concur.*