48129. ROWE v. CITIZENS & SOUTHERN NATIONAL BANK.

ARGUED APRIL 30, 1973 — DECIDED MAY 30, 1973 — REHEARING
DENIED JUNE 20, 1973.

252

*Fortson, Bentley & Griffin, Herbert T. Hutto,* for appellant.

*Bouhan, Williams & Levy, Frank W. Seiler, James M. Thomas, Albert P. Reichert, John W. Collier,* for appellee.

DEEN, Judge. Since the right of action appears to be joint and several, the plaintiff has a right to pursue his remedies separately against the various tortfeasors until he obtains satisfaction from some. Code Ann. § 3-114. The right of action, as well as the action, survives the death of the defendant against his personal representative. Code Ann. § 3-505. What the plaintiff cannot do, however, is to prosecute two causes of action at the same time against the same party. Code § 3-601. Therefore, either the Laurens County action or the Chatham County action is dismissible on motion by the executor, and we are concerned only with the problem, as to it, of which one is entitled to priority. This obviously depends on a determination of which is first in point of time. Valid service of process on one named as a defendant relates back to the date of filing as the inception of the pending suit. Amendments, too, relate back in general and "an amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if . . . the party . . . has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and [if he] knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Code Ann. § 81A-115 (c). Neither of these sections applies, for the

reason that the named defendant was dead before the suit was filed, and there exists here the unusual situation of the defendant urging that it be made a party rather than an attempt by the plaintiff to join it as such. It is, however, seeking to make itself a party by amendment or intervention rather than by substitution, for Code Ann. § 81A-125 dealing with substitution of parties refers to substitution after death of one who was a party to the action as a plaintiff or, if a defendant, by service or acknowledgment of process. Chorney v. Callahan, 135 FSupp. 35.

Under the equivalent Rules of Civil Procedure in the federal court substitution of parties (as an executor for a deceased party who has been served) is considered procedural and relates back to the beginning of the suit, whereas allowing the addition of a new party, as one intended for one erroneously named, is substantive, to be controlled by the law of the state rather than the federal court, and, if allowable, not relating back unless the requisites of Rule 15 (Code Ann. § 81A-115) are met.

"A deceased person cannot be a party to legal proceedings." *Eubank v. Barber-Colman Co.,* 115 Ga. App. 217 (1) (154 SE2d 638). There was certainly no suit pending in Laurens County so far as Dr. Anderson or his estate was concerned prior to the attempted acknowledgment of service by the executor bank. To allow the bank to come into that lawsuit would not be a mere substitution of parties, but rather the addition of a party defendant, and therefore substantive in its nature. This is the distinction which has been followed under the equivalent federal court rules. It was held in Sandridge v. Folsom, 200 FSupp. 25, that where an action was brought naming as defendant the Secretary of Health, Education and Welfare who had previously vacated the office, an amendment bringing in the current public officer was in effect a new action, against whom the statute of limitation had run. Thus, the time did not relate back to the time of filing the original complaint. In Moul v. Pace, 261 FSupp. 616 it was held that the rule permitting relation back to the date of filing the complaint on substitution of a proper party upon the death of a party was not applicable in an automobile accident action to one of the defendants who was dead at the time the suit was filed, and the action attempted to be substituted against the administrator of his estate could not relate back to the time of filing. In Chorney v. Callahan, 135 FSupp. 35, supra, a negligence case, it was again held that an action against a defendant who died before being served was a nullity and the order making his administrator a defendant

was in effect the commencement of a new suit.

In the present action, the Laurens County suit was a nullity so far as Dr. Anderson and his estate were concerned at least up until September 13, 1972, when an effort was made by the executor to be "substituted" as a party defendant. Prior to that time, on June 28, the plaintiff chose to sue it as executor of the estate in Chatham County. There has thus arisen the situation banned by Code § 3-601, that is, two suits against the same party on the same cause of action. In such event "the pendency of the former shall be a good defense to the latter." Whether the *plaintiff* by amendment could have brought in the executor as a party defendant in such manner as to comply with Code Ann. § 81A-115 and relate back to the original date of filing is not a question before us. The plaintiff's original attempt to proceed against the decedent was a nullity, and the corporate defendant's voluntary attempt to become a defendant came too late after the institution of the action against it in Chatham County.

It was error to grant the motion to dismiss.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*