58324. MATHEWS et al. v. SANIWAY DISTRIBUTORS SERVICE.

CARLEY, Judge.

J. Steven Cheatwood, as attorney at law for Jesse M. Cleveland d/b/a Saniway Distributors Service, the named plaintiff, filed an affidavit of garnishment based upon a judgment obtained in the State Court of Clayton County

by Cleveland against appellants. The garnishee answered and paid into the registry of the court its indebtedness to appellants. Appellants traversed the affidavit of garnishment, alleging the judgment was obtained by fraud; a subsequent amendment to the traverse was made, alleging that Cleveland had died several months before the affidavit of garnishment had been filed in his name and that the garnishment action was, therefore, void. Appellants prayed that the case be dismissed and the funds be paid to them.

A hearing on appellants' amended traverse of the affidavit of garnishment was held and an order was entered against appellants thereon. The order further stated that "the Plaintiff has sixty days from this date to substitute the representative of the Estate of Jessie Cleveland as Plaintiff to this action . . . [N]o funds paid into the registry of this Court shall be disbursed until the representative of the Estate of Jessie Cleveland is made a party to this action." Appellants appeal from this order.

The order in the instant case denied appellants' traverse but did not terminate the garnishment proceeding itself. The order merely allowed sixty days for the substitution of the party plaintiff. "Every action shall be prosecuted in the name of the real party in interest . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . ." Code Ann. § 81A-117 (a). The order appealed from is not the trial judge's final ruling in this case. If there is a substitution of parties, a further order granting judgment to the plaintiff is contemplated and would be required. " '. . . [A] garnishment is a distinct cause of action between different parties, requiring a separate and independent judgment.' [Cits.]" *Kibbler v. James,* 75 Ga. App. 852, 854 (44 SE2d 910) (1947). Compare *Herring v. Herring,* 143 Ga. App. 286 (1) (238 SE2d 240) (1977). In the event such substitution is made, we direct the trial court to enter an appropriate final order. Appellant will be free to appeal from such final order if it is adverse to him. And if there is no substitution, no final judgment of garnishment will be

entered, but in that event appellant will not be harmed because the action will be dismissed.

It, therefore, follows that the order appealed from is not a final judgment. The appeal is premature and must be dismissed. *Trust Co. of Columbus v. Ferrior,* 141 Ga. App. 328 (233 SE2d 280) (1977). ·

*Appeal dismissed with direction. Deen, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 4, 1979 — DECIDED OCTOBER 19, 1979 — REHEARING DENIED NOVEMBER 14, 1979.

*Oze R. Horton,* for appellants.
*J. Steven Cheatwood,* for appellee.