## 59999. MATHEWS et al. v. SANIWAY DISTRIBUTORS SERVICE.

CARLEY, Judge.

This is the second appearance of this case before us. *Mathews v. Saniway Distributors Service,* 152 Ga. App. 286 (262 SE2d 494) (1979) dismissed an appeal from an order denying the traverse of appellants, defendant-judgment debtors in this garnishment proceeding, and allowing sixty days for the substitution of the party plaintiff. In *Mathews* we held that "[t]he order . . . denied appellants' traverse but did not terminate the garnishment proceeding itself. The order merely allowed sixty days for the substitution of the party plaintiff . . . The order appealed from is not the trial judge's final ruling in this case. *If there is a substitution of parties, a further order granting judgment to the plaintiff is contemplated and would be required . . . In the event such substitution is made, we direct the trial court to enter an appropriate final order.* Appellant will be free to appeal from such final order if it is adverse to him . . ." (Emphasis supplied.) *Mathews v. Saniway Distributors Service,* supra, 287.

The appeal in the instant case is from the order of the trial court entered subsequent to our prior decision in *Mathews,* which merely grants the motion for substitution of the party plaintiff. There has been no "further order granting judgment to the plaintiff." Thus only one of the requirements necessary to give viability to appellants' appeal in the instant case has been met—the entry of the order granting substitution of parties. The other requirement—entry of a final order granting judgment to the plaintiff—has not been satisfied. It is only such final order as would, under the facts of this case, be "adverse" to appellants and appealable by them. *Knox v. Knox,* 151 Ga. App. 144 (259 SE2d 150) (1979). No final order having been entered in the garnishment proceeding, this appeal is premature and must be dismissed. We reiterate our direction to the trial court to enter an appropriate final order in this case. If such final order is the entry of judgment for the plaintiff in garnishment, appellants are free to appeal such adverse final order at that time.

*Appeal dismissed with direction. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JUNE 16, 1980 — DECIDED SEPTEMBER 5, 1980.

*Oze R. Horton,* for appellants.
*J. Steven Cheatwood,* for appellee.