61707. MATHEWS et al. v. CLEVELAND.

CARLEY, Judge.

J. Steven Cheatwood, as attorney at law for Jessie M. Cleveland d/b/a Saniway Distributors Service, the named plaintiff, filed an affidavit of garnishment based upon a judgment obtained against the appellants by Cleveland. The garnishee answered and paid its indebtedness to appellants into the registry of court. Appellants traversed the affidavit of garnishment, alleging that Cleveland had died several months before the affidavit had been filed in his name and that the garnishment action was, therefore, void. Appellants prayed that the case be dismissed and the funds be paid to them.

Appellants' traverse was overruled in an order which further stated that "the Plaintiff has sixty days from this date to substitute the representative of the Estate of Jessie Cleveland as Plaintiff to this action . . . [N]o funds paid into the registry of this Court shall be disbursed until the representative of the Estate of Jessie Cleveland is made a party to this action." Subsequently, the trial court granted the motion to substitute appellee, the executor of Cleveland's estate,

as the party plaintiff in the garnishment action and, pursuant to our directive, ordered the funds which had been paid into court by the garnishee delivered to appellee's attorney. See *Mathews v. Saniway Distributors Service,* 152 Ga. App. 286 (262 SE2d 494) (1979); *Mathews v. Saniway Distributors Service,* 155 Ga. App. 568 (271 SE2d 701) (1980). The sole question presented for resolution in the instant appeal is whether the trial court erred in overruling appellants' traverse and in allowing appellee to be substituted for the deceased Cleveland as the plaintiff in garnishment.

Appellants urge that an action commenced in the name of a deceased person is a "nullity" and that it was error to allow appellee to be substituted as the party plaintiff because "you cannot substitute something for nothing." It is true that Code Ann. § 81A-125 is not authority for the substitution of appellee for the deceased, for that statute "refers to substitution after death of one *who was* a party to the action as a plaintiff..." (Emphasis supplied.) *Rowe v. C. & S. Nat. Bank,* 129 Ga. App. 251, 253 (199 SE2d 319) (1973). However, Code Ann. § 81A-117 (a) provides: "Every *action* shall be prosecuted in the name of the real party in interest... No *action* shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for . . . substitution of, the real party in interest..." (Emphasis supplied.) It is apparently under this statute that the substitution in the instant case was effectuated.

It is clear that Code Ann. § 81A-117 (a) contemplates that an "action" must already have been commenced prior to substituting as the plaintiff therein the real party in interest. Thus, Code Ann. § 81A-117 (a) envisions the substitution of the real party at interest as the plaintiff in an "action" not the initial creation of the "action" itself. "[I]t has been held that where an action is brought in the name of a plaintiff who is dead . . ., the complaint may not be amended by substituting a plaintiff having capacity to sue." 59 AmJur2d, Parties, § 219, p. 679. Such, we believe, is the rule in Georgia.

"To all civil actions brought in the courts of this State there must be a proper party plaintiff..." *Turner v. Kelley,* 212 Ga. 175, 176 (91 SE2d 356) (1956). "The plaintiff . . . may be a natural or an artificial person, or a quasi-artificial person, such as a partnership. If the suit is brought in a name which is neither that of a natural person, nor a corporation, nor a partnership, it is a mere nullity, and therefore, with no party plaintiff, there is no case in court, and consequently nothing to amend by. [Cits.]" *Smith v. Commissioners &c. of Glynn County,* 198 Ga. 322, 323 (31 SE2d 648) (1944). "A dead person cannot appear as a party, real or nominal, in any action." *Sirmans v. Banks,* 217 Ga. 64, 65 (121 SE2d 137)(1961). "A deceased

person cannot be a party to legal proceedings." *Eubank v. Barber-Colman Co.,* 115 Ga. App. 217, 218 (154 SE2d 638) (1967). If, in this state, all civil "actions" must have a "proper" party plaintiff and a deceased person cannot be a party in an action, it must follow that a complaint filed in the name of a deceased person cannot commence an "action." In other words, a suit commenced in the name of a deceased person is not brought in the name of a "natural person," a deceased person having no capacity to be a "proper" litigant in the courts of this state. If "no legal party plaintiff was named in the pleadings and shown to exist [Cit.], . . . the suit is a mere nullity . . ." *Orange County Trust Co. v. Estate of Takowsky,* 119 Ga. App. 366, 367 (166 SE2d 913) (1969). "An action can not be maintained in a name as plaintiff which is [not] that of a natural person, . . . A proceeding commenced in such a name, there being no plaintiff, is not an action, but a mere nullity, and may be dismissed at any time on motion." *Western & Atlantic R. Co. v. Dalton Marble Works,* 122 Ga. 774 (1) (50 SE 978) (1905). No "action" having been commenced in the instant case, it was error to allow appellee to be substituted as the party plaintiff therein, such "substitution" being the "mere making of a party plaintiff where none had theretofore existed." *Employers' Liability Assurance Corp. v. Keelin,* 132 Ga. App. 459, 462 (208 SE2d 328) (1974). See also Banakus v. United Aircraft Corp., 290 FSupp. 259 (SD NY 1968).

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*Oze R. Horton,* for appellant.
*J. Steven Cheatwood,* for appellee.