73178. VAUGHAN et al. v. BROWN et al.
(353 SE2d 608)

BEASLEY, Judge.

1. We found it necessary to order appellants to resubmit their brief because of noncompliance with Court of Appeals Rule 15. Upon resubmission, subsection (3) (1) was complied with but other material deficiencies still exist. We are authorized to disregard or treat as abandoned enumerations of error for failure to comply with our rules of practice. *Justice v. Dunbar*, 152 Ga. App. 831 (264 SE2d 301) (1979); *Dein v. Citizens Jewelry Co.*, 149 Ga. App. 340 (5) (254 SE2d 403) (1979); *Colonial Stores v. Hambrick*, 176 Ga. App. 544, 546 (4) (336 SE2d 617) (1985). However, we will not do so here but will rule on what we perceive to be the enumerations of error raised, pursuant to OCGA § 5-6-30.

2. On July 28, 1983, Sherri Vaughan allegedly suffered injuries as a result of an automobile collision with a vehicle driven by W. C. Brown. On July 18, 1985, a claim was filed against W. C. Brown and W. C. Brown Trucking, Inc., seeking to recover for Sherri Vaughan's personal injuries, disability, future pain and suffering, and for loss of consortium by her spouse, Randy Vaughan. Service was had on Mrs. W. C. Brown on July 23.

On August 22 an answer and motion to dismiss were filed. The motion to dismiss, supported by affidavits, was based on the fact that W. C. Brown had died on July 12 and W. C. Brown Co. was the sole proprietorship of W. C. Brown which had been dissolved in February 1985. In responding, appellants requested that the personal representative of the estate be substituted for Mr. Brown as a party defendant. After a hearing the trial court dismissed the complaint because any attempt to sue one deceased at the time of filing is a nullity and because there was no corporate entity. Appeal followed.

Appellants argue at length concerning the statute of limitations as to actions for personal injury and loss of consortium and whether a complaint may be amended when filed within the statutory period.

This however misses the essential point since such was not the reason for dismissal of the suit.

In construing the CPA, our Supreme Court has greatly liberalized the power to amend where a party is incorrectly named or labeled. Where proper service is obtained, one may amend or substitute the correct party even though the party named is not a legal entity. *Block v. Voyager Life Ins. Co.*, 251 Ga. 162 (1) (303 SE2d 742) (1983); *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537 (314 SE2d 903) (1984). This policy only holds true where "no problem of service exists." *Ketcham*, supra at 539. See *Cunningham, Tallman, &c., Inc. v. Case-Hoyte Color Printers*, 174 Ga. App. 488 (330 SE2d 598) (1985), which holds that a misnomer in defendant's description may be amended where the real defendant is properly served.

As a suit against W. C. Brown Trucking, Inc., the complaint fails because of the non-existence of any corporate entity. Even if the business was a corporation, it was never served, as service on Mrs. Brown would not constitute service on such a corporation.

As to W. C. Brown, Mrs. Brown is not the administratrix of the W. C. Brown estate and from the record the real party at interest was never served. The principle remains that "a deceased person cannot be a party to legal proceedings," and thus the suit was a nullity. *Eubank v. Barber-Colman Co.*, 115 Ga. App. 217, 218 (1) (154 SE2d 638) (1967); *Rowe v. C & S Nat. Bank*, 129 Ga. App. 251, 253 (199 SE2d 319) (1973).

The trial court properly dismissed the suit. Any issue as to the bar of the statute of limitations is not ripe nor made and must await an attempt to assert the causes of action in a refiled suit, in which a proper defendant is served.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 4, 1987.

*Michael J. Davis, Jr.*, for appellants.
*Stephen L. Goldner, Alfred A. Quillian, Jr.*, for appellees.