**M/V OSLO and Davis Massie and Melonie Creger, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 87–17–NN.

United States District Court,
E.D. Virginia,
Newport News Division.

Feb. 5, 1988.

Kevin P. Shea, Hampton, Va., for plaintiffs.

Richard S. Cohen, U.S. Atty., Richard K. Willard, Asst. Atty. Gen., Michael A. Rhine, Asst. U.S. Atty., Thomas J. Donlon, Trial Atty., Dept. of Justice, Washington, D.C., for defendant.

## ORDER

CLARKE, District Judge.

Plaintiffs, M/V OSLO and David Massie and Melonie Creger, bring this action pursuant to the Suits in Admiralty Act, 46 U.S.C.App. § 741, *et seq.*, and the Public Vessels Act, 46 U.S.C.App. § 781, *et seq.* Plaintiffs allege that defendant United States' negligent failure to mark a shoal at Factory Point near Hampton, Virginia caused M/V OSLO to run aground there.

On December 24, 1987, defendant filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b). Thereafter, plaintiffs responded with a Motion in Opposition. Accordingly, defendant's Summary Judgment Motion is ripe for disposition.

The material facts are not in dispute. On May 11, 1986, Massie, Creger and three others were returning aboard M/V OSLO from the Chesapeake Bay to the Back River. As the vessel approached Factory Point, it ran aground on a shoal. It eventually came to rest on the adjacent beach. A few days later, the local fire department destroyed M/V OSLO at the site.

M/V OSLO was owned by M.B.C. Company of Virginia, Inc. ("M.B.C."), a now-defunct Virginia corporation. The vessel was purchased with M.B.C. funds using an M.B.C. check. Although Massie and Creger testified at their depositions that Massie had an ownership interest in M.B.C., no documentation supports their conclusory statements. On the contrary, a boating accident report submitted by Creger to the United States Coast Guard on May 21, 1986 lists M.B.C. as owner of M/V OSLO. Additionally, an appraisal survey of M/V OSLO taken on May 30, 1986 and commissioned by M.B.C. lists M.B.C. as the owner of the vessel and lists Massie and Creger merely as representatives of M.B.C.

A fundamental element of any negligence claim is actual loss or damage to the claimant. *See* Prosser and Keeton, The Law of Torts § 30 at 165 (5th ed. 1984); *Spurlin v. General Motors Corp.*, 528 F.2d 612, 615 (5th Cir.1976). The record here reveals that this element is absent. Neither Massie nor Creger had an ownership interest in M/V OSLO; hence they have no standing to bring an action for alleged negligent damage to the vessel. *See Northern*

*Pacific R.R. Co. v. Lewis,* 162 U.S. 366, 16 S.Ct. 831, 40 L.Ed. 1002 (1896) (plaintiffs who had no ownership interest in timber could not bring an action for its allegedly negligent destruction).

Furthermore, M/V OSLO is not a proper party to this action. Even if this Court were to accept plaintiffs' novel proposition that a vessel can sue *"pro rem"*, or for itself, M/V OSLO no longer exists and therefore is not a proper plaintiff. *Cf. Rowe v. Citizens and Southern National Bank,* 129 Ga.App. 251, 252–53, 199 S.E.2d 319, 321 (1973) (deceased plaintiff held not to be a proper party).

For the foregoing reasons, defendant United States' Motion for Summary Judgment is GRANTED, and it is ORDERED that this action be DISMISSED with prejudice.

IT IS SO ORDERED.