## A99A0723. COLLINS v. NEWMAN.
### (517 SE2d 100)

RUFFIN, Judge.

Mechelle Collins sued Spencer Newman, a licensed veterinarian, for damages resulting from an operation Newman performed upon Collins' dog, alleging that Newman left certain medical instruments inside the dog during a spaying procedure. The complaint also alleged that Newman failed to provide Collins with certain veterinary records that might have supported a claim for malpractice. Contemporaneously with his answer, Newman filed a motion to dismiss the complaint on the grounds that it was barred by the statute of limitation and that Collins had failed to provide the expert affidavit required by OCGA § 9-11-9.1. The trial court granted the motion upon both grounds, and Collins appeals. For reasons discussed below, we affirm.

1. Plaintiff's brief violates Court of Appeals Rule 27 in at least two particulars. First, the brief does not contain a single citation to the record as required by Rules 27 (a) (1) and 27 (c) (3). Second, the brief does not contain separate statement of facts and argument sections, as required by Rules 27 (a) (1) and 27 (a) (3), but simply contains a single section entitled "Statement of Facts and of the Case/ Argument and Citation of Authority." This violation is more than simply technical, since it makes it difficult to distinguish between those statements intended merely as factual assertions and those intended to constitute an argument for reversal.

"We are authorized to disregard or treat as abandoned enumerations of error for failure to comply with our rules of practice." *Vaughan v. Brown*, 181 Ga. App. 680 (1) (353 SE2d 608) (1987). Where the record is small and the issues are clearly framed and argued in an appellant's brief, we often elect in our discretion to address the merits of the appellant's enumerations, as perceived by this Court. See *Beman v. Kmart Corp.*, 232 Ga. App. 219, 220 (1) (501 SE2d 580) (1998); *Vaughan*, supra. However, where an appellant's failure to follow the rules of this Court makes it difficult to perceive the true grounds of the appellant's appeal, it would be inappropriate

for this Court to speculate as to possible bases for reversal that might be lurking in the record but are not clearly articulated in the brief and supported by argument and citation to authority. As we have often said, "it is not the function of an appellate court to cull the record in search of error on behalf of a party." *Sparti v. Joslin*, 230 Ga. App. 346, 347 (2) (496 SE2d 490) (1998). Moreover, the failure of an appellant to clearly articulate the basis for seeking reversal prejudices the appellee by making it difficult to present arguments in rebuttal.

In this case, we elect to consider Collins' contention that an expert affidavit was not required for her professional negligence claim, since that contention is minimally supported in her brief by argument and citation to authority. However, we do not address any other issues that might be lurking in the record but are not specifically supported in the brief by argument and citation to authority.[1]

2. OCGA § 9-11-9.1 (a) states that

[i]n any action for damages alleging professional malpractice against a professional licensed by the State of Georgia and listed in subsection (f) of this Code section . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

Veterinarians are included among the professionals identified in the statute. OCGA § 9-11-9.1 (f) (24). If an expert affidavit is not filed when required, and the defendant files a motion to dismiss on such grounds contemporaneously with his initial responsive pleading, the complaint is subject to dismissal for failure to state a claim. OCGA § 9-11-9.1 (b).

Collins does not contest the fact that her action constituted an action for professional negligence. However, she contends that an expert affidavit was not required because it would be apparent to a layman that leaving an instrument inside a patient constitutes professional negligence. This argument is without merit.

Notwithstanding the fact that there is a "judicially-created

---

[1] For instance, one sentence in the combined statement of facts/argument section of Collins' brief references certain claims relating to Newman's alleged failure to release veterinary records that Collins asserts would have supported her malpractice claim. However, this sentence is in the nature of a factual statement, and Collins does not, in this section of her brief, provide argument or citation of authority as to how the existence of these claims requires reversal of the trial court's order. Given Collins' failure to comply with our rules, we do not elect to consider this sentence as constituting a separate argument for reversal.

rule" dispensing with the expert-evidence requirement in cases of "clear and palpable" professional negligence, . . . OCGA § 9-11-9.1 supersedes this rule, so that even in cases of "clear and palpable" professional negligence it is still necessary that the plaintiff file an expert affidavit contemporaneously with the filing of the complaint.

*Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 436 (1) (383 SE2d 867) (1989). See also *Barr v. Johnson*, 189 Ga. App. 136, 137 (375 SE2d 51) (1988); *Jackson v. Dept. of Transp.*, 201 Ga. App. 863, 865-866 (412 SE2d 847) (1991); *Richmond Leasing Co. v. Cooper, Cooper, Maioriello & Stalnaker*, 207 Ga. App. 623 (1) (428 SE2d 603) (1993). Accordingly, the trial court correctly dismissed Collins' claim for professional negligence due to her failure to file an expert affidavit.

3. Due to our holding above, it is unnecessary to address Newman's argument that Collins' claims are barred by the statute of limitation.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 30, 1999.

*John Matteson*, for appellant.

*Weissman, Nowack, Curry & Wilco, Leigh Wilco, Joan C. Green*, for appellee.