A09A0756. THE VICTORY DRIVE DELIVERANCE TEMPLE, INC. v. JACKSON.

(680 SE2d 588)

BARNES, Judge.

The Victory Drive Deliverance Temple, Inc., by and through its Board of Directors, brought suit against Theodore Jackson, Sr., to terminate his employment as the church pastor and for other relief. Jackson answered and moved to dismiss the suit, arguing that the individuals purporting to represent the church lacked standing to pursue claims on its behalf because they were not a quorum of the church members, as required by the church's articles of incorporation. The trial court granted the motion, finding that the individuals who brought the suit were not board members and therefore were not the real parties in interest to prosecute the suit on the church's behalf. For the reasons that follow, we affirm.

1. The record shows that after the church's founder Bishop Luther Anderson died, the church hired Jackson to serve as the senior pastor. The members subsequently disagreed about how to continue the nonprofit corporation. The parties who sued Jackson as board members[1] contend that, acting as the board, they fired Jackson but he refused to leave. The plaintiffs alleged Jackson converted church property to his own use and they sought a declaratory judgment that Jackson had "no relationship" with the church.

In his motion to dismiss, Jackson argued that the plaintiffs' actions did not bind the church because they did not follow the applicable provisions of the church's articles of incorporation or the statute defining the rules of nonprofit corporate governance absent provisions in the articles. The articles provided that the senior pastor was the chairman of the board and established the term of board membership. The articles also provided that a majority of the directors constituted a quorum for the purpose of transacting any business at a board meeting. Besides the late Bishop Anderson, the initial board members named in the articles were Kathryn Anderson, Mary Lee Anderson, and Della Wheeler. Jackson argued that, in January 2008 when these plaintiffs filed suit, the board members were himself and these three individuals, as provided by the articles

---

[1] John Anderson, Kathryn Anderson, Della Mae Wheeler, Carlene Wilkinson, and Carol Davis.

YALE LAW LIBRARY

of incorporation. Thus, any actions taken by John Anderson, Kathryn Anderson, Della Mae Wheeler, Carlene Wilkinson, and Carol Davis in January 2008 did not constitute actions on behalf of the church, because those individuals were not directors and did not constitute a quorum of directors.

The plaintiffs submitted the affidavit of Kathryn Anderson, in which she averred she was a member of the church board of directors, citing to an attached document titled "Consent Action in Lieu of the Special Meeting of the Directors of Victory Drive Deliverance Temple, Inc. to Ratify the Election of John Anderson, Carlene Wilkinson and Carol Davis to the Board of Directors." The document is signed by Kathryn Anderson, Della Mae Wheeler, John Anderson, Carlene Wilkinson and Carol Davis. The plaintiffs argue that Anderson's affidavit constitutes evidence that these five people were board members and is sufficient to create a question of fact regarding the Board's composition.

But John Anderson, Wilkinson, and Davis cannot sign as directors to ratify an action making themselves directors. Therefore neither Kathryn Anderson's affidavit nor this document constitute "evidence" regarding the identity of the board members. From the evidence in the record, the only legitimate directors who signed this "consent action" were Kathryn Anderson and Wheeler. The articles of incorporation require that a majority of the board must be present to take action, and two of four directors do not constitute a majority. Accordingly, these documents purportedly adding three members to the board of directors and electing new officers do not raise a question of fact regarding these individuals' standing to file an action on behalf of the church. Accordingly, the trial court properly granted Jackson's motion to dismiss.

2. The plaintiffs also argue that the trial court failed to give them an opportunity to amend their pleadings pursuant to OCGA § 9-11-17 to substitute the real party in interest. OCGA § 9-11-17 (a) provides no action shall be dismissed on the ground that it is not prosecuted by the real party in interest until a "reasonable time" has been allowed after objection to ratify the filing or substitute the real party. In his answer filed on February 25, 2008, Jackson's Fourth Affirmative Defense was that the complaint should be dismissed, because "representatives of Plaintiff do not have standing to pursue claims on Plaintiff's behalf." In his contemporaneously-filed motion to dismiss, Jackson argued that "none of the individuals alleging to be members of the Board of Directors of the Church . . . are actually members of the Board." After discussing the church's bylaws and the applicable provisions of the Georgia Nonprofit Corporation Code, OCGA § 14-3-101 et seq., Jackson argued that this claim must be brought by the real party in interest and that these individuals were

not board members, were not church members, did not represent the church, and had no authority to act on its behalf.

The court held a hearing on March 7, 2008, which was initially scheduled in response to a companion action seeking an injunction. The court noted that it could not determine whether to issue an injunction until it determined whether the plaintiffs had standing to bring the suit. As the motion to dismiss was not yet ripe, the parties presented evidence regarding the legal effect of a meeting at the church on February 17, 2008, in which members voted on a new board of directors nominated by Jackson. At the end of the hearing, when asked if it were going to rule on Jackson's motion to dismiss, the court replied that the motion was not then ripe but that it would rule on it from the record when it was ripe.

The plaintiffs filed a "preliminary" response to Jackson's motion to dismiss the day after the hearing, asking the court to defer ruling on the motion to dismiss until after it ordered a "procedurally correct" special meeting of the church members to determine who would be on the Board of Directors. On March 13, 2008, the court issued an order, reserving its ruling on the motion to dismiss and petition for injunctive relief.

> At the crux of Defendant's motion is the contention that Plaintiffs lack standing to prosecute this action, because the church called an annual meeting on February 17, 2008, at which time a new Board was elected. At the March 7th hearing, both parties presented testimony regarding the validity of the annual meeting. At this time, in light of Plaintiff's right to have thirty days to respond to Defendant's motion, the Court hereby RESERVES its ruling until the motion(s) are appropriately ripe.

The plaintiffs filed a detailed response to Jackson's motion to dismiss on March 31, 2008, asking the court to defer ruling on it until "a Court ordered and procedurally correct meeting of the members is held." They argued that the members of the board met by consent on January 18, 2008 to terminate Jackson's employment. "At the same time, several changes to the Board were made by consent or [sic] previous members of the Board." They further argued that this meeting was valid under the bylaws; a majority of the board was present; and Jackson was not entitled to notice of the meeting. The rest of the plaintiffs' response addressed the validity of the February 2008 meeting called by Jackson, concluding, "If the Court has any concerns related to standing, it should order another meeting to take place, with appropriate notice and safeguards, to determine the direction of the temple."

Almost five months later, the trial court granted Jackson's motion to dismiss, finding "that a reasonable time had passed for Plaintiff to have amended the pleadings if it so wished." The plaintiffs argue they did not have a reasonable opportunity to respond. They assert that they were

> not given a reasonable time to amend because [they were] not put on sufficient notice of the basis on which the Court actually made its decision — that only a subset of persons involved were directors and that subset was insufficient as a quorum to bring this suit. The Plaintiff was only put on notice of this specific issue when the Court issued its order dismissing the case without an opportunity to amend the pleadings.

They contend that the issue Jackson raised did not give them adequate notice because he only claimed that the January meeting at which he was fired was unauthorized for numerous reasons and that the individuals involved were not members of the church based on the disputed February 2008 meeting. The trial court's "analysis of the quorum was a new and unexpected development" and thus they should have had time to amend the suit to bring different allegations and develop additional evidentiary support to show their actions were justified.

Despite the plaintiffs' protestations, as shown by the review of the record it was quite clear that the critical issue for the trial court to determine was whether the named individuals could bring this suit on behalf of the church. All civil actions must be brought by a proper party plaintiff. *Mathews v. Cleveland*, 159 Ga. App. 616, 618 (284 SE2d 634) (1981).The plaintiffs were purporting to act as the corporation. Thus, they had to prove they had the authority to act as the corporation. Whether the party bringing suit has the capacity to bring the suit is one of the first matters to consider when litigation begins, and these plaintiffs had more than adequate notice — five months — that they had to prove they could do what they did. It is not the trial court's obligation to order a meeting of the church members if it had "any concerns related to standing," or otherwise to tell the plaintiffs what evidence they need to submit. The court's obligation is to ensure that all parties had adequate notice of the issue and sufficient time to address it, which the trial court did here. *Dover Realty v. Butts County Bd. of Tax Assessors*, 202 Ga. App. 787, 789 (3) (415 SE2d 666) (1992). This enumeration of error is meritless.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

YALE LAW LIBRARY

DECIDED JUNE 25, 2009.

*Delong, Caldwell & Bridgers, Charles R. Bridgers*, for appellant.
*Barrow & Ballew, Travis D. Windsor*, for appellee.