**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 23, 2012**

# In the Court of Appeals of Georgia

A12A0310. COX v. PROGRESSIVE BAYSIDE INSURANCE
COMPANY.

MIKELL, Presiding Judge.

In order to recover damages allegedly sustained in an automobile collision, Margaret Cox filed suit against Lester H. Dobson. Cox then voluntarily dismissed that suit and re-filed the present renewal action after the statute of limitation had expired, but within the six-month period contemplated by OCGA § 9-2-61. Progressive, an unnamed defendant and the uninsured motorist carrier for the owner of the vehicle Cox was occupying at the time of the accident, moved to dismiss the complaint because Dobson died several months prior to the filing of the renewal action. The trial court granted the motion to dismiss. Cox appeals, arguing that the trial court erred in dismissing the action entirely as being void ab initio, that the trial court erred in

holding that substitution of parties is not available in this renewal action, and that the trial court erred in determining that the renewal action is also dismissed as to Progressive. Finding no error, we affirm.

On appeal, we conduct a de novo review of a trial court's ruling on a motion to dismiss.[1]

Cox filed suit against Dodson in the State Court of Carroll County arising out of injuries she sustained when Dodson's car struck the vehicle she was riding in as a passenger. After Dodson was properly served, Cox filed a voluntary dismissal without prejudice. Cox then filed a renewal action within the six month renewal period. Prior to this, Dodson died. Eight days after the renewal complaint was filed, the sheriff's entry of service was filed, indicating that Dodson had died. Progressive, an unnamed defendant, filed a suggestion of death of party defendant and a motion to dismiss, to which Cox did not respond. A hearing was held on the motion to dismiss over eleven months after Cox was put on notice that Dodson had died, but no motion to substitute a party defendant was ever filed. After a hearing, the trial court granted Progressive's motion to dismiss, finding that, because Dodson died prior to the filing of the renewal action, the action was a nullity and void ab initio.

---

[1] *Penny v. McBride*, 282 Ga. App. 590 (639 SE2d 561) (2006).

1. Cox argues that the trial court erred in determining that Dodson's death rendered the renewal action void ab initio and in determining that substitution of the parties was unavailable in the renewal case. We disagree.

Appellant's argument that the renewal pleading relates back to the original pleading for purposes of perfecting service is misguided. The renewal statute, OCGA § 9-2-61, allows a plaintiff who voluntarily dismisses a timely filed suit to file suit within six months, regardless of whether the statute of limitations has run.[2] However, a renewal suit is "an action de novo."[3] "[T]herefore, the procedural requirements of filing a new complaint and perfecting service must be met anew."[4] In the present case, Cox did not meet the procedural requirements of perfecting service against Dodson because he was deceased at the time she filed the renewal suit. In Georgia, a deceased person cannot be a party to legal proceedings and any suit brought against a deceased

---

[2] *Sawyer v. DeKalb Medical Center*, 234 Ga. App. 54 (1) (506 SE2d 197) (1998).

[3] (Footnote omitted.) *Carter v. McKnight*, 260 Ga. App. 105, 106 (2) (578 SE2d 901) (2003).

[4] *Davis v. Bushnell*, 245 Ga. App. 221, 222 (537 SE2d 477) (2000). Accord, *Carter*, supra.; *Magsalin v. Chace*, 255 Ga. App. 146 (564 SE2d 554) (2002).

defendant is a nullity.[5] The fact that Cox may have perfected service against Dodson in the prior suit does not affect the fact that she has not perfected service against him in the renewal suit and accordingly, no action was ever commenced.[6]

Further, Cox's argument that she should have been allowed to substitute the proper party for the deceased Dodson under OCGA § 9-11-25 is without merit. Cox was informed of Dodson's death over eleven months prior to the hearing on the motion to dismiss and never filed a motion for substitution under OCGA § 9-11-25. Because the renewed complaint was filed against a deceased person and Cox never attempted to substitute defendants prior to the trial court's hearing on the motion to dismiss, we find that the trial court did not err in denying Cox's request to substitute parties.[7]

2. Cox next argues that the trial court erred in dismissing the renewed complaint as to Progressive, the uninsured motorist carrier for the owner of the

---

[5] *Vaughan v. Brown*, 181 Ga. App. 680, 681 (2) (353 SE2d 608) (1987). Accord *Mathews v. Cleveland*, 159 Ga. App. 616, 617-618 (284 SE2d 634) (1981).

[6] *Vaughan*, supra.; *Mathews*, supra.

[7] *Rowe v. Citizens &Southern Nat. Bank*, 129 Ga. App. 251, 253 (199 SE2d 319) (1973) (statute relating to the substitution of parties after death was inapplicable where a party originally named was not in existence at the time the complaint was filed).

4

vehicle Cox was occupying at the time of the accident[8]. However, Cox did not raise this argument in the trial court below, either in a written motion or during the hearing on the motion to dismiss. The Court of Appeals will not consider arguments neither raised nor ruled on in the trial court and that are asserted for the first time on appeal.[9] Accordingly, this issue is waived.[10]

*Judgment affirmed. Miller and Blackwell, JJ., concur.*

---

[8] Cox mistakenly asserts that Progressive is the uninsured motorist carrier for Dodson.

[9] *Belans v. Bank of America, N. A.*, 309 Ga. App. 208, 212 (3) (709 SE2d 853) (2011).

[10] Id.