**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 22, 2026**

# In the Court of Appeals of Georgia

A25A1565. MAYCANN v. CRANE.

McFADDEN, Presiding Judge.

John A. Maycann III appeals from the order dismissing without prejudice his personal injury action. Maycann argues that the trial court erred by holding that he could not amend his complaint to add Sonya Crane as a defendant without the permission of the court. We hold that because the initial complaint was never served on the original defendants, no action was pending at the time the complaint was amended; so leave of court was not required to add Sonya Crane as a defendant. We therefore vacate the order dismissing the complaint and remand for the trial court to consider the other grounds Sonya Crane raised in her motion to dismiss.

The facts are largely undisputed. The record shows that on June 16, 2022, Maycann filed a complaint against Donald Crane and Wanda Crane for injuries he sustained on June 16, 2020. Maycann alleged that Donald Crane was driving a car owned by Wanda Crane when he struck Maycann as he was walking along the shoulder of a road. When Maycann filed the lawsuit, however, both Donald Crane and Wanda Crane had died, so neither was ever served.

On March 28, 2023, Maycann filed an amended complaint, dropping Donald Crane and Wanda Crane as defendants and instead naming as the defendant Sonya Crane as executor of the estate of Donald Crane. Sonya Crane filed a special appearance answer and a motion to dismiss, asserting, among other things, that she had not properly been added as a party. The trial court granted the motion, dismissed the case without prejudice, and Maycann filed this appeal.

We vacate and remand. Because the initial complaint was never served, the amended complaint was effectively a new suit.

> For an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15 (a), leave of court must first be sought and obtained pursuant to OCGA § 9-11-21. Here, however, no suit or action was pending at the time the complaint was amended to add [Sonya Crane] as a party because no complaint had been served. Thus,

2

leave of court was not required to include [Sonya Crane] as a party defendant in the amended complaint, which . . . functioned as an original complaint.

*Nw. Ga. Contracting v. St. Germain*, 350 Ga. App. 568, 570 (2) (829 SE2d 814) (2019) (citaitons and footnote omitted). See also *Rowe v. Citizens & S. Nat'l Bank*, 129 Ga. App. 251, 253-254 (1973) (199 SE2d 319) ("action against a defendant who died before being served was a nullity and the order making his administrator a defendant was in effect the commencement of a new suit[,]" rather than the substitution of a party under the predecessor to OCGA § 9-11-25, which concerns substitution of parties after death).

So we vacate the trial court's order dismissing the action for failure to properly add Sonya Crane as a defendant, and we remand the case for the trial court to address the other grounds Sonya Crane raised in her motion to dismiss. We do not reach Maycann's other arguments.

*Judgment vacated and case remanded. Hodges and Pipkin, JJ., concur.*